IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00115-F-1
No. 5:11-CV-00745-F

TIERRE JAVON OUTLAW,                    )
                        Petitioner,     )
                                        )
        v.                              )        O R D E R
                                        )
UNITED STATES OF AMERICA,               )
                        Respondent.     )

This matter is before the court on Tierre Javon Outlaw's pending Motion to Vacate, Set

Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-29].

In his section 2255 motion, Outlaw argues that he is entitled to relief because his attorney

provided ineffective assistance of counsel at his sentencing hearing by failing to argue that the

court should apply the penalties applicable under the Fair Sentencing Act of 2010. [DE-32 at 5-

8.] In Outlaw's Amended Petition, he raises the following arguments: (1) his attorney provided

ineffective assistance of counsel by failing to properly challenge the drug weights attributed to

him; (2) his attorney provided ineffective assistance of counsel by failing to argue that the Fair

Sentencing Act of 2010 and temporary amendments to the sentencing guidelines were applicable

to him; and (3) his attorney provided ineffective assistance of counsel by failing to argue a 1-to-1

ratio. [DE-49 at 4-12.] In his Motion to Amend, Outlaw makes the following arguments: (1)

*Alleyne v. United States*, — U.S. — , 133 S.Ct. 2151 (2013) is applicable to his case; (2) he is

entitled to relief under the Fair Sentencing Act of 2010; (3) he was wrongly classified as a career

offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); and (4) his sentence

was improperly enhanced under U.S.S.G. § 3B1.1(b). [DE-64 at 2-4.] In Outlaw's Second

Motion to Amend, he argues that *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) is applicable to his case, and his attorney provided ineffective assistance of counsel by failing to object to statements made in violation of Rule 801(D)(2)(E) of the Federal Rules of Evidence. [DE-74 at 4-12.]

The court finds that the Government's Motion to Dismiss[1] [DE-53] does not adequately address the issues raised in Outlaw's section 2255 motion and motions to amend. Therefore, on or before November 14, 2014, the Government is DIRECTED to fully address each claim raised by Outlaw.

SO ORDERED.

This, the ___15___ day of October, 2014.

_____
JAMES C. FOX
Senior U.S. District Judge

---

[1]In an order entered on July 30, 2014 [DE-70], the court advised the parties that it intended to construe the Government's Motion to Dismiss as one seeking summary judgment because the Motion to Dismiss referenced and relied upon a Declaration from attorney James R. Hawes.

2