IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00115-F-1
No. 5:11-CV-00745-F

| | |
|---|---|
| TIERRE JAVON OUTLAW, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on Tierre Javon Outlaw's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-29] and related motions [DE-49, DE-53, DE-64, DE-74]. On December 12, 2014, at the court's direction, the Government filed a Supplemental Memorandum in Support of Motion to Dismiss [DE-78]. Upon review of this filing, the court concludes that the Government has still failed to address the issues Outlaw raises in his section 2255 motion and Amended Petition. Specifically, as previously noted, Outlaw has raised several claims of ineffective assistance of counsel in his section 2255 motion and Amended Petition. The Government has failed to address Outlaw's claims by application of the relevant two-pronged standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).

Moreover, the parties were previously advised that the court intends to construe the Government's Motion to Dismiss as one seeking summary judgment because the Government referenced and relied upon a Declaration from attorney James R. Hawes in support of its Motion to Dismiss. *See* [DE-70] at 1. Therefore, the Government's filing must be written with reference to the summary judgment standard, as opposed to that standard originally cited in its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In light of the

foregoing, on or before February 2, 2015, the Government is DIRECTED to fully address each claim raised by Outlaw in his section 2255 motion and Amended Petition.[1]

SO ORDERED.

This, the 29 day of December, 2014.

*James C. Fox*
JAMES C. FOX
Senior U.S. District Judge

---

[1] In his section 2255 motion, Outlaw argues that he is entitled to relief because his attorney provided ineffective assistance of counsel at his sentencing hearing by failing to argue that the court should apply the penalties applicable under the Fair Sentencing Act of 2010. [DE-32] at 5-8. In Outlaw's Amended Petition, he raises the following arguments: (1) his attorney provided ineffective assistance of counsel by failing to properly challenge the drug weights attributed to him; (2) his attorney provided ineffective assistance of counsel by failing to argue that the Fair Sentencing Act of 2010 and temporary amendments to the sentencing guidelines were applicable to him; and (3) his attorney provided ineffective assistance of counsel by failing to argue a 1-to-1 ratio. [DE-49] at 4-12.

2