IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00115-F-1
No. 5:11-CV-00745-F

| | |
|---|---|
| TIERRE JAVON OUTLAW, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on Tierre Javon Outlaw's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-29] and Amended Motion [DE-49]. Outlaw has also filed two Motions to Amend [DE-64, DE-74]. The Government has filed a Motion to Dismiss [DE-53] and a Motion for Summary Judgment [DE-81]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion for Summary Judgment is ALLOWED, the Government's Motion to Dismiss is DISMISSED as moot, and Outlaw's two Motions to Amend are DISMISSED as time-barred.

**Factual and Procedural Background**

A Criminal Complaint was filed on March 18, 2010. *See* Complaint [DE-3]. On April 16, 2010, Outlaw was charged in a four-count indictment. *See* Indictment [DE-13]. In Count One, Outlaw was charged with conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. Counts Two and Three charged Outlaw with distribution of 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). In Count Four, Outlaw was charged with possession with intent to

distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).

On June 7, 2010, the court held Outlaw's arraignment. At his arraignment, pursuant to a written plea agreement [DE-19], Outlaw pled guilty to Count One of the Indictment. It was agreed that Counts Two, Three, and Four would be dismissed at sentencing.

Outlaw's sentencing hearing was held on December 9, 2010. The court sentenced Outlaw to 360 months' imprisonment. *See* Judgment [DE-26]. Outlaw did not appeal his conviction or sentence.

On December 19, 2011, Outlaw, proceeding *pro se*, filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-29]. In his section 2255 motion, Outlaw argues that he is entitled to relief because his attorney provided ineffective assistance of counsel at his sentencing hearing by failing to argue that the court should apply the penalties applicable under the Fair Sentencing Act of 2010. On May 31, 2012, Outlaw, proceeding with counsel, filed an Amended Motion. In his Amended Motion [DE-49], Outlaw argues that his attorney provided ineffective assistance of counsel in the following respects: (1) his attorney failed to properly challenge the drug weights attributed to him; (2) his attorney failed to argue that the Fair Sentencing Act of 2010 and the temporary amendments to the sentencing guidelines were applicable to him; and (3) his attorney failed to argue for a 1-to-1 ratio at sentencing. Outlaw filed Motions to Amend [DE-64, DE-74] on October 10, 2013 and September 15, 2014.

The Government has filed a Motion to Dismiss [DE-53] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Government has also filed a Motion for Summary Judgment [DE-81].

## Legal Standard

Summary judgment is appropriate where there is no genuine issue of material fact and it appears that the moving party is entitled to judgment as a matter of law. *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991) (applying the summary judgment standard to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the record taken as a whole could not lead a trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Discussion

### I. Section 2255 Motion and Amended Motion

#### A. The Government is Entitled to Summary Judgment on Outlaw's Ineffective Assistance of Counsel Claims.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that counsel's

3

inadequate performance prejudiced him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Outlaw's ineffective assistance of counsel claims.

### 1. Failed to argue FSA was applicable

In the sole claim in his section 2255 motion, Outlaw alleges that his attorney provided ineffective assistance of counsel at sentencing by failing to argue that the court should apply the penalties applicable under the Fair Sentencing Act of 2010. [DE-29] at 5; [DE-32] at 5-8.

The Fair Sentencing Act ("FSA") took effect on August 3, 2010, and it increased the quantities of crack required to trigger mandatory minimum sentences. In *Dorsey v. United States*, 132 S.Ct. 2321 (2012), the Supreme Court held that the FSA's "new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders." 132 S.Ct. at 2335.

In this case, Outlaw was sentenced on December 9, 2010, after the effective date of the FSA. As noted, Outlaw pled guilty to Count One, which charged him with conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. Under the FSA, an offense involving "28 grams or more of a mixture or substance . . . which contains cocaine base . . . shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B). As alleged in the indictment, Outlaw was subject to an enhanced penalty under 21

4

Case 5:10-cr-00115-F Document 84 Filed 03/03/15 Page 4 of 10

U.S.C. §§ 841(b) and 851.¹ *See* Indictment [DE-13] at 3. This enhanced penalty exposed Outlaw to a mandatory minimum term of 10 years' imprisonment and a maximum term of life imprisonment. *See* 28 U.S.C. § 841(b)(1)(B).

As noted, Outlaw received a sentence of 360 months' imprisonment. This sentence conformed with the requirements of the FSA. Because Outlaw was sentenced in compliance with the FSA, an argument by his attorney that the penalties applicable under the FSA should be applied would have been without merit. *See Moore v. United States*, 934 F. Supp 724, 731 (E.D.Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Consequently, the Government is entitled to summary judgment on this claim.

### 2. Failed to challenge drug weights

In his Amended Motion, Outlaw initially alleges that his attorney provided ineffective assistance of counsel during sentencing by failing to challenge the drug weights attributed to him. [DE-49] at 4-9. Specifically, Outlaw argues that the conduct which formed the basis for his seven prior State convictions was included as relevant conduct in determining the total drug weight he was held accountable for.² *Id.* at 7. Further, Outlaw argues that his attorney should

---

¹Outlaw's Indictment in relevant part states:

For the purpose of Title 21, United States Code, Section 841(b) and 851, the defendant, committed the violations alleged in Counts One through Four of the indictment after two prior felony drug convictions as defined in Title 21, United States Code, Section 802(44) had become final.

[DE-13] at 3.

²Outlaw refers to the following seven State convictions: (1) 1993 conviction for possession of cocaine in case number 92CRS5184; (2) 1994 conviction for possession with intent to deliver cocaine in case number 94CRS470; (3) 1995 conviction for possession of cocaine in case number 94CRS6526; (4) 1995 conviction for possession of cocaine in case number

5

have challenged the basis for the court's relevant conduct determination, the unverified statements from cooperating witnesses Tony Edmonds and Ellis Green. *Id.* at 4, 8. Outlaw concludes that if his attorney had raised the issues regarding relevant conduct at sentencing and/or on appeal, there is a reasonable probability that his sentence would have been less. *Id.* at 8.

According to Outlaw's trial counsel, prior to Outlaw's sentencing hearing, the Government advised Outlaw's attorney that if they objected to the drug weight at sentencing, the Government's motion for downward departure based on substantial assistance pursuant to U.S.S.G. § 5K1.1 would likely be withdrawn. *See* James R. Hawes' Declaration [DE-53-1] at ¶ 5. The court concludes that Outlaw has failed to raise a genuine issue of material fact regarding whether his attorney's failure to object to drug weight at sentencing constituted deficient performance because the decision not to pursue an objection to the drug weight was a tactical decision which allowed Outlaw to secure the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1. The § 5K1.1 motion resulted in Outlaw receiving a sentence at the bottom end of his advisory guideline range. Moreover, Outlaw's sentence of 360 months was 120 months below the 480-month sentence the court indicated it would otherwise impose. [DE-27] at 4. Therefore, the Government is entitled to summary judgment on this claim.

### 3. Failed to argue FSA applicable

In the second claim of his Amended Motion, Outlaw alleges that his attorney provided

---

95CRS136; (5) 1998 conviction for sell or deliver cocaine in case number 98CRS3920; (6) 2002 conviction for sell of cocaine in case number 02CRS51699; and (7) 2003 conviction for possession of a controlled substance in case number 03CRS50322. [DE-49] at 6; PSR ¶¶ 14, 16, 18, 20, 28, 33, 34.

6

ineffective assistance of counsel by failing to argue that the Fair Sentencing Act of 2010 and the temporary amendments to the sentencing guidelines were applicable to him. [DE-49] at 9-10.

This is the same issue raised by Outlaw in his section 2255 motion and addressed above. As noted, an argument by Outlaw's attorney that the penalties applicable under the FSA should be applied would have been without merit because Outlaw was sentenced in compliance with the FSA. Consequently, the Government is entitled to summary judgment on this claim.

### 4. Failed to argue a 1-to-1 ratio

In the final claim of his Amended Motion, Outlaw alleges that his attorney provided ineffective assistance of counsel by failing to argue that *Kimbrough v. United States*, 552 U.S. 85 (2007), allowed the court to impose a sentence based on a ratio of 1-to-1. [DE-49] at 10-12. Outlaw argues that he was prejudiced because if his attorney had made this argument, there is a reasonable probability that the court would have sustained the request to reduce his sentence, especially in light of the FSA. *Id.* at 11.

In *Kimbrough*, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." 552 U.S. at 110.

It appears that Outlaw's counsel made a tactical decision not to raise this meritless argument in favor of securing a § 5K1.1 motion for Outlaw. For this reason, Outlaw has failed to raise a genuine issue of material fact regarding deficient performance by his attorney. *See Strickland*, 466 U.S. at 689 (explaining that because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence," and because there is a wide range of legitimate defense strategies in a given case, "scrutiny of counsel's performance

must be highly deferential.") Accordingly, the Government is entitled to summary judgment on this claim.

## II. Motions to Amend

Outlaw has filed two Motions to Amend [DE-64, DE-74]. In his first Motion to Amend, Outlaw argues: (1) *Alleyne v. United States*, 133 S. Ct. 2151 (2013) is applicable to his case; (2) he is entitled to relief under the Fair Sentencing Act of 2010; (3) he was wrongly classified as a career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); and (4) his sentence was improperly enhanced under U.S.S.G. § 3B1.1(b). [DE-64] at 2-4. Outlaw argues in his second Motion to Amend that *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) is applicable to his case, and his attorney provided ineffective assistance of counsel by failing to object to statements made in violation of Rule 801(D)(2)(E) of the Federal Rules of Evidence. [DE-74] at 4-11.

A person convicted of a federal offense has one year to file a section 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

8

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003). A section 2255 claim presented in a motion to amend that is filed more than one year after the conviction becomes final is untimely under 28 U.S.C. § 2255(f)(1), unless the claim relates back to a timely-filed claim, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 662-64 (2005).

This court entered judgment in this case on December 9, 2010. As noted, Outlaw did not appeal this case to the Fourth Circuit. Outlaw's first Motion to Amend [DE-64] was filed on October 10, 2013, and the second Motion to Amend [DE-74] was filed on September 15, 2014. The court concludes that the claims contained in these two motions are untimely under section 2255(f)(1). In addition, the court further concludes that because the claims bear no relationship in law or fact to the claims asserted in Outlaw's timely-filed section 2255 claims, the new claims do not relate back and are time-barred under section 2255(f).[3] Moreover, Outlaw has not argued facts upon which the claims set forth in his two Motions to Amend could be deemed timely under section 2255(f)(2), based on the removal of an impediment; under section 2255(f)(3), based on rights newly recognized by the Supreme Court; or under section 2255(f)(4), based on newly discovered facts concerning his case that he could not have discovered earlier with due diligence. Consequently, Outlaw's two Motions to Amend will be dismissed as time-barred.

## Conclusion

For the foregoing reasons, the Government's Motion for Summary Judgment [DE-81] is

---

[3]The court notes that Outlaw's FSA claim raised in his First Motion to Amend was also raised in his Section 2255 Motion and Amended Motion and has been addressed by the court.

9

ALLOWED, and the Government's Motion to Dismiss [DE-53] is DISMISSED as moot. Outlaw's section 2255 motion [DE-29], as amended [DE-49], is DISMISSED. Additionally, Outlaw's two Motions to Amend [DE-64, DE-74] are DISMISSED as time-barred. The court concludes that Outlaw has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 3ʳᵈ day of March, 2015.  *James C. Fox*

James C. Fox
Senior United States District Judge

10

Case 5:10-cr-00115-F   Document 84   Filed 03/03/15   Page 10 of 10