IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-115-BO
5:17-CV-397-BO

| | | |
|---|---|---|
| TIERRE JAVON OUTLAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

This cause comes before the Court on petitioner's motion for relief under Rule 60(b) [DE 97] and motion to remand [DE 95]. The government has responded to petitioner's motion to remand [DE 110] and moved to dismiss petitioner's motion for relief. [DE 104]. For the reasons discussed below, petitioner's motion to remand is denied, petitioner's motion for 60(b) relief is granted, and respondent's motion to dismiss is denied.

## BACKGROUND

Petitioner pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, or crack, in violation of 21 U.S.C. §§ 841(a)(1) and 826. His guideline range was a minimum of 360 months and a maximum of life. The government moved at sentencing for a downward adjustment pursuant to § 5K.1. He was sentenced to 360 months imprisonment on December 9, 2010. That sentenced was later reduced to 324 months pursuant to 18 U.S.C. § 3582(c)(2). Petitioner did not notice an appeal. He filed a § 2255 motion on December 19, 2011. He filed motions to amend that petition and motions for extensions of time several times through 2012, 2013 and 2014. Some of these filings were *pro se*; others were filed by his attorney. Some were granted by the

Court and others were denied. On March 3, 2015, the Court granted the government's motion for summary judgment and dismissing petitioner's § 2255 motion. A certificate of appealability was denied.

Petitioner had hired an attorney, Kenneth Scott Williamson, who was admitted to the bar in the State of Tennessee and put himself forward as part of an organization called the "U.S. Freedom Foundation." Stacey Walters, an attorney in Greensboro, served as local counsel until she moved to withdraw in 2012 on the basis of Mr. Williamson's failure to pay her or respond. Mr. Williamson's law license was suspended by the Board of Professional Responsibility of the Supreme Court of Tennessee as a direct result of the harm caused by Mr. Williamson's and the U.S. Freedom Foundation's purported representation of federal prisoners.

Now, petitioner has brought the instant motion under Rule 60(b)(6), attacking the nature of his habeas proceeding. He argues that the deficient performance by his attorney constituted a defect in the collateral review process such that relief is warranted. The government has opposed the motion on the basis of timeliness, and in the alternative has argued that his motion is a second or successive § 2255 motion that fails to state a claim for which relief can be granted. Petitioner also filed a motion to remand, attacking generally this court's jurisdiction over most crimes.

ANALYSIS

I. Motion to Remand

To begin, petitioner's motion to remand is denied. Petitioner argues that his case should be remanded for lack of subject matter jurisdiction, on the argument that federal courts do not have jurisdiction over crimes that take place within any of the states.

There are two problems with petitioner's claim. The first is procedural. Petitioner's criminal case began in federal court, with a finding by a federal magistrate that there was probable cause to believe that petitioner committed a federal crime, followed by the return of an indictment by a federal grand jury. [DE 3; DE 13]. A federal district court does not have the ability to remand a case to state court that did not originally begin in state court. *See, e.g., Gambelli v. United States*, 904 F. Supp. 494, 495 (E.D. Va. 1995). Second, this Court does have subject matter jurisdiction over federal criminal prosecutions. 18 U.S.C. § 3231. Petitioner was charged, convicted and sentenced for violating 18 U.S.C. §§ 841(a)(1) and 826. His motion is denied.

II.  Motion for 60(b)(6) Relief

Petitioner's motion under Rule 60(b) is simple. He argues that he hired an attorney who walked off the job mid-motion, resulting in a § 2255 dismissal that was not on the merits, and so he is entitled to relief. The government argues that his motion was not timely, or, in the alternative, if the Court were to entertain another collateral attack, that there are no grounds for relief.

*Character of the Motion*

Rule 60(b)(6) allows a district court to modify a previous decision based on "any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Pro se prisoner filings are analyzed by courts according to their contents, not how they are named. *See United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002). Where a prisoner has previously filed a collateral attack on his sentence, such as a § 2255, "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar

3

against litigation of claims not presented in a prior application." *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). In determining whether or not a prisoner's filing is a proper 60(b) motion or a successive collateral attack, a court must look to the substance of the prisoner's motion. *Id.* at 207. Generally, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.* "[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Id.*

Here, petitioner has properly filed a Rule 60(b) motion, because he is asking for relief to remedy his collateral review process. While petitioner does, in his *pro se* motion, reference arguments related to petitioner's career offender status, this discussion is in the context of his attorney's abandonment, which is undisputed. These claims are not in themselves a collateral attack; they are used by the *pro se* petitioner in his attempt to show the deficient performance by his attorney in his postconviction proceedings. [DE 97 at 5]. Petitioner's attempt to demonstrate how he was poorly served by his actual lawyer does not operate to change how this Court treats his motion. What petitioner attacks is not his original sentence, but rather the problems in his habeas proceeding, which began in 2011 and concluded in 2015. This is the circumstance a prisoner 60(b) motion is intended for, and so hearing it as such is appropriate.

*Timeliness*

Motions under Rule 60(b)(6) must be made "within a reasonable time," unlike Rule 60(b)(1), (2), or (3), which have a strict deadline of a year. Fed. R. Civ. P. 60.

4

Petitioner's motion was filed on August 2, 2017. [DE 97]. Petitioner included a copy of an order of enforcement dated October 20, 2014, regarding Kenneth Scott Williamson's suspension. [DE 97-3]. Petitioner's original § 2255 motion was dismissed on March 3, 2015, and a further order of clarification was entered on April 2, 2015.

A movant bears the burden of showing timeliness. *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016). But what is a reasonable time is a matter of equity, based partly in parties' and the court's general interest in avoiding dragged-out, burdensome proceedings. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). This proceeding is already long-lived — petitioner was sentenced in 2010, filed his original collateral attack in 2011, and received his dismissal in 2015. Given that petitioner has brought a colorable claim for relief under Rule 60(b)(6), which is unusual, this Court declines to refuse to hear him on the basis of untimeliness.

*Relief*

A movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Such circumstances are rare in a habeas context. *Id.* Attorney abandonment can sustain a successful motion for relief under Rule 60(b)(6). *Maples v. Thomas*, 565 U.S. 266, 294 (2012). Discussion of this standard in other circuits generally focuses on appeals. *See Perez v. Stephens*, 745 F.3d 174 (5th Cir. 2014); *Mackey v. Hoffman*, 682 F.3d 1247 (9th Cir. 2012). But when a petitioner is "inexcusably and grossly neglected by his counsel," 60(b)(6) relief is appropriate. 682 F.3d at 1253.

Here, the overarching fact is an attorney was suspended from the practice of law as a direct result of his actions in cases including this one, where the attorney committed to representing his incarcerated client and then disappeared mid-case—before the matter was ripe

5

for ruling. This Court finds that this attorney malpractice poisoned the proceeding, and so petitioner did not receive a § 2255 ruling on the merits.

This circumstance is so problematic as to meet the extraordinary circumstances bar mandated by Rule 60(b)(6). An attorney abandoning his ethical obligation to his client in the middle of a proceeding is per se troubling. It is even more serious in this particular context, as the jurisdictional and procedural rules regarding federal habeas proceedings are exact. The docket filings in this matter show petitioner's case was directly affected. [DE 56; 62; 86].

Petitioner merits relief because this circumstance is extraordinary. This Court would be concerned by the idea that this situation is not extraordinary. Federal prisoners challenging the constitutionality of their sentence are afforded one opportunity to do so, no more. Petitioner's opportunity was undone by his attorney's neglect.

For these reasons, this Court holds that petitioner has not been afforded the opportunity to collaterally attack his sentence as permitted by 28 U.S.C. § 2255 and the Antiterrorism and Effective Death Penalty Act of 1996. The Court finds a § 2255 motion filed by petitioner would not be second or successive and this Court would have jurisdiction to hear that motion. The Court makes no ruling as to the potential merits or lack thereof of such a motion. Additionally, this Court holds that such a motion would not be untimely on the basis of equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

## CONCLUSION

For the foregoing reasons, the petitioner's motion for relief under Rule 60(b)(6) is GRANTED [DE 97]. Petitioner's motion to remand is DENIED [DE 95]. Respondent's motion to dismiss is DENIED [DE 104].

SO ORDERED, this 3 day of February, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE