IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-115-BO
No. 5:11-CV-745-BO

| | | |
|---|---|---|
| TIERRE JAVON OUTLAW, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 97]. Petitioner has also moved to amend or supplement his 28 U.S.C. § 2255 petition. [DE 125]. Respondent has moved to dismiss the Section 2255 petition. [DE 122]. These matters are ripe for disposition. For the reasons discussed below, petitioner's motion to amend [DE 125] is DENIED, respondent's motion to dismiss [DE 122] is GRANTED, and petitioner's Section 2255 motion [DE 97] is DISMISSED.

## BACKGROUND

In 2008, petitioner pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 826. [DE 19]. His guideline range was a minimum of 360 months and a maximum of life. [DE 60, p. 23]. The government moved for a U.S.S.G. § 5K1.1 downward adjustment. [DE 24]. Petitioner was then sentenced to 360 months' imprisonment in December 2010. [DE 26]. That sentence was later reduced to 324 months pursuant to 18 U.S.C. § 3582(c)(2). [DE 92]. Petitioner did not appeal.

In February 2018, the Court granted petitioner's motion for relief under Federal Rule of

Civil Procedure 60(b)(6), permitting his 28 U.S.C. § 2255 petition to go forward. [DE 112]. In March 2018, petitioner filed a memorandum in support of that Section 2255 petition. [DE 118]. In response, the government moved to dismiss the Section 2255 petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. [DE 122]. In May, petitioner moved to amend or supplement his Section 2255 petition. [DE 125]. The government responded in opposition, asking the Court to dismiss the proposed amendment, again citing Federal Rule of Civil Procedure 12(b)(6). [DE 126].

## DISCUSSION

I. Petitioner's motion to amend is denied.

Petitioner has filed a Section 2255 petition challenging his sentence. Petitioner claims, among other things, that his trial counsel was constitutionally ineffective in failing to challenge certain drug weights attributed to him. Since filing his Section 2255 petition, he has obtained a notarized statement from Mr. Ellis Green, a co-defendant at petitioner's trial. In the statement, Green declared that he "never saw [petitioner] with any drugs at all." [DE 125-1]. Petitioner claims that Green's 2008 statements were used in determining petitioner's drug weight at sentencing. [DE 125, p. 1]. He requests the Court's permission to amend his Section 2255 petition to provide support for his new claim.

The government has moved to dismiss petitioner's proposed claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To avoid dismissal, petitioner's "'[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Petitioner's allegations must "plausibly establish[] the elements of his

2

asserted cause of action." *United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 146 (4th Cir. 2014). "The law is well settled that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original, internal quotation marks and citation omitted).

The government opposes petitioner's motion on a few different grounds. Most critically, however, they argue that petitioner's proposed claim challenges the calculation of his advisory guideline range and is therefore "not cognizable on collateral review." [DE 126, p. 3]. For support, the government cites the Fourth Circuit's decision in *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015). To the extent that petitioner argues his sentence should be vacated or corrected because the advisory sentence, which considered the drug weights attributed to him, was improperly calculated, the government is correct. No relief can be afforded on such a claim.

If, alternatively, plaintiff merely intends to use the notarized statement from Mr. Green to support his ineffective assistance of counsel claims, he still does not have an avenue to relief. Even drawing every reasonable inference in petitioner's favor, his trial counsel's strategic decision not to challenge the drug weights does not meet the high *Strickland* bar, as discussed more fully below. In light of the U.S.S.G. § 5K1.1 downward departure that petitioner received for his cooperation, trial counsel's decision not to challenge the drug weights did not "fall below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (quotation marks omitted). Thus, petitioner cannot state an ineffective assistance of trial counsel claim upon which relief can be granted, whether he's permitted to amend his Section 2255 motion or not.

In sum, permitting petitioner to amend his complaint to add a new claim or to supplement his existing ineffective assistance of counsel claims would be futile, and the motion is denied.

II. Respondent's motion to dismiss is granted.

Petitioner's motion under 28 U.S.C. § 2255 raises at least four separate arguments. None is sufficient to state a claim upon which relief can be granted and the petition must, therefore, be dismissed. A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

The first three arguments that petitioner raises are all barred by the Fourth Circuit's decision in *Foote*. *See, e.g., Foote*, 784 F.3d at 934; *see also United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999). In particular, petitioner argues that (1) the Court erred in its calculation of the drug weights attributed to petitioner for the purposes of sentencing him under the advisory guidelines [DE 118, p. 3–5], that (2) the Court erred in characterizing petitioner as a career offender under the advisory guidelines [DE 118, p. 5–7], and that (3) the Court erred in not applying the Fair Sentencing Act when it calculated petitioner's sentencing range under the advisory guidelines [DE 118, p. 2]. Each of these claims involves a challenge to a sentence that was rendered under the advisory guideline. As such, none is cognizable on collateral review.

Petitioner's fourth argument is that his trial counsel was ineffective for failing to raise each of these three earlier arguments at sentencing. To state an actionable ineffective assistance of

4

counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe*, 593 F.3d at 382. A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner's ineffective assistance of counsel claims must also be dismissed. First, it was reasonable for counsel not to challenge the drug weights attributed to petitioner in light of the motion for a § 5K1.1 downward sentencing departure that petitioner received from the government for his cooperation. Second, it was reasonable not to challenge petitioner's status as a career offender given that he had several prior convictions for controlled substance offenses, as defined by U.S.S.G. § 4B1.2(b). [DE 60 at ¶¶ 16, 28, 33]. Finally, it was reasonable for counsel not to invoke the Fair Sentencing Act, given that the Fair Sentencing Act amendment did not take effect until after petitioner was sentenced. *See* United States Sentencing Commission, Guidelines Manual, App. C., Amend. 750 (Nov. 2011) (effective Nov. 1, 2011); [DE 26]. Thus, none of these ineffective assistance of counsel claims meets the objective *Strickland* requirement. As such, petitioner has failed to allege sufficient facts to state a claim upon which relief can be granted, and his 28 U.S.C. § 2255 motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating

5

that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, petitioner's motion to amend or supplement [DE 125] is DENIED. Respondent's motion to dismiss [DE 122] is GRANTED. Petitioner's motion to vacate under 28 U.S.C. § 2255 [DE 97] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 26 day of September, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE